# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Karen L. Kulczycki.** | Bankruptcy No. 19-33423 |
| Debtor. | Honorable LaShonda A. Hunt |

## NOTICE OF MOTION

**Please take notice** that on **Friday, May 15, 2020, at 9:15 A.M.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable LaShonda A. Hunt, United States Bankruptcy Judge for the Northern District of Illinois, on the 2nd Floor of the Joliet City Hall Building at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the **Trustee's Motion to Approve Compromise**, a copy of which is attached hereto and herewith served upon you.

**A party who objects to this motion and wants it called must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.**

Dated: April 24, 2020

                                                                **Zane Zielinski**, not individually but as the chapter 7 trustee of the bankruptcy estate of **Karen L. Kulczycki**

                                                                 By: /s/ Zane L. Zielisnki
                                                                 One of her attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF**
    **ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **Karen L. Kulczycki.,** | Bankruptcy No. 19-33423 |
| Debtor. | Honorable LaShonda A. Hunt |

## TRUSTEE'S MOTION TO APPROVE COMPROMISE

Zane Zielinski, not individually but as the Chapter 7 Trustee (the "Trustee") of **Karen L. Kulczycki** (the "Debtors") seeks entry of an order approving compromise and related relief.

## BACKGROUND

1. On November 25, 2019 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court"), which initiated the bankruptcy case captioned *In re Karen L. Kulczycki.* and docketed as Case No. 19 B 33423 (the "Bankruptcy Case").

2. Zane L. Zielinski is the duly appointed and qualified Chapter 7 Trustee.

3. As of the petition date the Debtor had litigation pending against her ex-husband, Ted Kulczycki (the "Litigation") scheduled with a value of $20,000.

4. The Debtor asserted a $15,000 exemption in the Litigation.

5. The Trustee reviewed the matter and determined that a $20,000 settlement was reasonable in light of the status of the Litigation

6. Thereafter, Ted Kulczycki's counsel contacted the Trustee and they agreed to settle the Litigation for $20,000, with $15,000 going to the Debtor.

7. The Trustee informed the Debtor's counsel, and believes the settlement is reasonable, as it is the exact amount on the schedules.

{00032590}

## RELIEF REQUESTED

8. The Trustee respectfully requests the entry of an order approving the Settlement Agreement with the Ted Kulczycki in which the estate will receive $20,000 (the "Settlement Payment") in return for releasing any and all claims against Ted Kulzychki in Case No. 2016 L 315 currently pending in the Will County Circuit Court (the "State Court Case").

9. After receipt of the Settlement Payment, the Trustee is authorized to pay to the Debtor $15,000 as full and final settlement of her claimed exemption in the Litigation.

## BASIS FOR APPROVING SETTLEMENT

10. Pursuant to Bankruptcy Rule 9019(a), after notice and a hearing, the court may approve a settlement or compromise. Fed. R. Bankr. P. 9019. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000).

11. A bankruptcy judge has discretion whether to approve a settlement agreement. *In re American Reserve Corp.*, 841 F.2d 159, 162 (7th Cir. 1987). The court's discretion hinges upon whether the settlement is fair and equitable and in the best interest of the estate. *Depoister v. Mary M. Holloway Foundation*, 36 F.3d 582, 586 (7th Cir. 1994) (citations omitted).

12. In making its determination, this Court must first compare the terms of the settlement with the probable costs and benefits of litigation. *Id. (quoting Protective Committee for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)) (the Court should try to apprise itself "of all facts necessary for an intelligent and objective opinion on the probabilities of ultimate success should the claim be litigated."). The Court should:

> Form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. Basic to this process in every instance, of course, is the need to compare the terms of the compromise with the likely rewards of the litigation.

*Id.* The Court should also consider the delay involved if the settlement is not approved "including the possibility that disapproving the settlement will cause wasting of assets." *Amer. Reserve Corp.*, 841 F.2d at 161.

29. Second, the Court should determine whether the settlement falls within the

{00032590}

reasonable range of litigation possibilities. *In re Energy Coop.*, 886 F.2d 921, 929 (7th Cir. 1989). Such inquiry does not, however, require an evidentiary hearing, (*Depoister*, 36 F.3d at 586), or a mini trial of the facts. *In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993). Moreover, the latter determination is to be weighted in favor of settlement, since a challenged settlement fails the test only if it falls below the lowest point in the range of reasonableness. *In re Telesphere Comm., Inc*., 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994) (internal citations omitted).

30. In this case, the Trustee believes the Settlement Agreement represents a fair approximation of the damages related to the Debtor's being locked out, and the Settling Parties taking possession.

## **LIMITED NOTICE**

31. The Trustee has served twenty-one (21) days' notice of this motion to all scheduled creditors with claims greater than $2500.

**Wherefore**, the Trustee respectfully requests that this Court entered an order:

(i) Approving the Settlement Agreement with the Ted Kulcycki in which the estate will receive a settlement payment of $20,00 in return for a full release in the State Court Litigation;

(ii) Authorizing the Trustee to pay to the Debtor $15,000 as full and final payment of her exemption in the Litigation;

(iii) Approving notice of the settlement; and

{00032590}

    (iv) Granting such as relief as is fair and just.

Dated: April 24, 2020

**Respectfully submitted,**

**Zane Zielinski**, not individually but as the chapter 7 trustee of the bankruptcy estate of **Karen L. Kulczycki**

By: /s/ Zane L. Zielinski
One of Her attorneys

Zane L. Zielinski (6278776)
**THE LAW OFFICE OF
    ZANE L. ZIELINSKI, P.C.**
6336 North Cicero Avenue, Suite 201
Chicago, Illinois 60646
d.  773-877-3191
f.  815-846-8516
e.  trustee@zanezielinski.com

{00032590}

## Certificate of Service

Pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), on April 24, 2020, I caused a copy of the foregoing *Notice of Motion* and the accompanying *Trustee's Motion to Approve Compromise and Shortened Notice* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by U.S. mail on all other creditors.

/s/ *Zane L. Zielinski*

## ECF SERVICE LIST

- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **David M Siegel**   davidsiegelbk@gmail.com, R41057@notify.bestcase.com;johnellmannlaw@gmail.com

## MANUAL SERVICE LIST (VIA US MAIL)

**Bank of America**
Bankruptcy Department
PO Box 982284
El Paso, TX 79998-2238

**Illinois Dept. of Revenue**
Bankruptcy Unit
P.O. Box 19035
Springfield, IL 62794-9035

**IRS**
Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

**JPMCB Card Services**
PO Box 15369
Wilmington, DE 19850

**Mirabella,Kincaid, Frederick &**
Mirabella, LLC
1737 S. Naperville Rd., Ste. 100
Wheaton, IL 60189

**Schiller, DuCanto & Fleck, LLP**
200 North LaSalle Street
Chicago, IL 60601

**Small Business Administration**
1441 St. Nwmail Code 5460
Washington, DC 20416

**Sterk Family Law Group**
11508 West 183rd Place NW
Orland Park, IL 60467

**The Law Office of Edward R. Jaquays**
5 W. Jefferson
Joliet, IL 60432

**Karen L. Kulczycki**
**1217 ALENE DR.**
**PLAINFIELD, IL  60586**

{00032590}